# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09CV184-RJC-DSC

| | |
|---|---|
| UMLIC CONSOLIDATED, INC. and UNITED MORTGAGE & LOAN INVESTMENT, LLC f/k/a UNITED MORTGAGE & LOAN INVESTMENT CORP., <br><br> Plaintiffs, <br> v. <br><br> SPECTRUM FINANCIAL SERVICES CORPORATION f/k/a SOUTHEASTERN PENSION MANAGEMENT, INC., <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand" (document #8) and "Brief in Support of Plaintiffs' Motion to Remand" (document #10) both filed June 5, 2009; and Defendant's "Brief in Opposition to Plaintiffs' Motion to Remand" (document #13) filed June 22, 2009. On July 6, 2009, Plaintiffs filed "Reply Brief in Further Support of Plaintiffs' Motion to Remand" (document #14).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Plaintiffs' Motion to Remand be <u>granted</u>, as discussed below and Plaintiffs' Motion for Costs and Attorneys' Fees be <u>denied</u>, as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for breach of contract, breach of fiduciary duty and negligence based on an administrative services agreement. Concerning the present Motion and accepting the allegations of the Complaint as true, Plaintiff UMLIC Consolidated, Inc. ("UMLIC") is a South Carolina corporation with its principal place of business in Charleston, South Carolina. Plaintiff United Mortgage & Loan Investment, LLC f/k/a United Mortgage & Loan Investment Corporation ("UMLI") is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina and is a wholly-owned subsidiary of UMLIC. Defendant Spectrum Financial Services Corporation f/k/a Southeastern Pension Management, Inc. ("Spectrum") is a South Carolina corporation with its principal place of business in Columbia, South Carolina.

In December 1998, UMLIC established the UMLIC Consolidated, Inc. and Affiliated Employers Employee Stock Ownership Plan and Trust, Plan #002 ("the Plan") for the benefit of UMLI employees. The Plan was an employee stock ownership plan ("ESOP") under which UMLIC made annual contributions to a Trust in order to fund retirement benefits for eligible employees of UMLI who elected to participate in the Plan. The contributions were invested primarily in shares of UMLIC stock.

On June 6, 1999, UMLI and Spectrum entered into an administrative services agreement in which UMLI appointed Spectrum as its agent to provide assistance in connection with the administration of the Plan, including the determination of the proper allocation of contributions to the Plan in accordance with its terms and the calculation of the amount of each participants' benefit.

On November 30, 2003, UMLIC entered into a Stock Redemption Agreement with the ESOP in which it agreed to redeem the 5,000 shares of common stock held by the ESOP in exchange for cash. The redemption was completed on June 22, 2004. On September 1, 2004, the ESOP was merged into UMLI's 401(k) Plan and UMLIC ceased to be the sponsor of the ESOP.

In late 2006, the Internal Revenue Service ("IRS") conducted an examination of the ESOP for the plan years ending December 31, 2003 and September 1, 2004. During the course of the IRS's

examination, it was discovered that shares of stock had been allocated to the ESOP participants in a manner inconsistent with the ESOP's express terms and in violation of ERISA and the income tax laws for the plan years ending December 31, 2003 and September 1, 2004. As a result, the IRS threatened to revoke the ESOP's qualified status as a tax-exempt stock bonus plan retroactively to the plan year beginning January 1, 1998.

In order to correct these errors, UMLIC and UMLI hired counsel in February 2008. In order to correct the improper allocation and to avoid the retroactive disqualification of the Plan's tax-exempt status, UMLI entered into a Closing Agreement with the IRS that required it to contribute an additional 137.91 shares of UMLIC stock at a cost of $286,785.43 and to pay compound interest in the amount of $63,829.21 in order to true-up the allocations to reflect an allocation based upon each employee's annual compensation. In addition, UMLI was fined a non-deductible penalty of $15,500.00 by the IRS and incurred attorneys' fees in excess of $40,000.00. Based on the affidavit of Scott Hoehn, Vice President and Controller of UMLI, because UMLIC would have incurred significant income tax liability if the ESOP's tax exempt status was retroactively disqualified, UMLIC paid the above amounts.

On March 19, 2009, UMLIC and UMLI filed a Complaint against Spectrum in the Superior Court of North Carolina, Mecklenburg County, alleging that Spectrum breached its contractual obligation to UMLI, breached its fiduciary duty and breached its duty to exercise reasonable care by failing to administer the Plan in accordance with its express terms and causing UMLI and UMLIC to suffer losses in excess of $400,000.00 for the costs it incurred in connection with the correction of Spectrum's errors in connection with the administration of the Plan.

On May 5, 2009, Spectrum removed the state court case to the United States District Court for the Western District of North Carolina, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Spectrum alleged that removal was proper pursuant to 28 U.S.C. § 1441(a) because the action is a civil action wherein: (i) complete diversity of citizenship exists as between Plaintiffs on the one side and Defendant on the other; and (ii) the amount in controversy exceeds $75,000.000, exclusive of

interest and costs. Spectrum acknowledged that in its Complaint UMLIC alleged that it is a South Carolina corporation, which would defeat complete diversity because Spectrum is also a South Carolina corporation. However, Spectrum stated that based on the Plan document and the IRS Closing Agreement, both of which Plaintiffs attached to their Complaint, the following facts are true: (1) the UMLIC Consolidated, Inc. entity that established the Plan was incorporated in North Carolina on December 7, 1998 (Exhibit A to Complaint at p. 1); and (2) UMLIC Consolidated, Inc. was reorganized as UMLI on June 22, 2004 (Exhibit C to Complaint at p.2, ¶1). Accordingly, Spectrum argued that for purposes of diversity jurisdiction, both Plaintiffs referenced in the Complaint had been reorganized into Plaintiff UMLI, a North Carolina corporation. Spectrum did acknowledge in a footnote that the South Carolina Secretary of State records identified a second UMLIC Consolidated, Inc. but that this could not be the Plaintiff because the Plan was established in December 1998, five years before the South Carolina corporation came into existence. On June 5, 2009, the Plaintiffs filed a Motion to Remand, alleging a lack of complete diversity between the Plaintiffs and the Defendant, which has been fully briefed as set forth above and is now ripe for determination.

## II. DISCUSSION OF CLAIMS

A case falls within the federal district court's diversity jurisdiction only if the amount in issue exceeds $75,000.00 and diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State. See 28 U.S.C. § 1332; Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). If any plaintiff and any defendant are citizens of the same state, complete diversity is destroyed, and the federal courts lack subject matter jurisdiction under 28 U.S.C. § 1332. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dep't of Corrections, 524 U.S. at 389 (internal citations omitted). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party seeking federal jurisdiction (in this case, the Defendant) has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

For purposes of determining diversity of citizenship, a corporation is treated as a citizen of any state where it has been incorporated, as well as the state where it maintains its principal place of business, without regard for the citizenship of its shareholders. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999) (a corporation has its principal place of business at the "nerve

center" and/or "place of" its operations).

According to the Complaint and the Affidavit of Scott Hoehn, filed in connection with Plaintiffs' Motion to Remand, Plaintiff UMLIC Consolidated, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina. On December 31, 2003, UMLIC SC, Inc., a South Carolina corporation, merged with UMLIC Consolidated, Inc., a North Carolina corporation. As a result of the merger, UMLIC Consolidated, Inc., a North Carolina corporation, ceased to exist at 11:59 p.m. on December 31, 2003. Immediately following the merger, UMLIC SC, Inc. changed its name to UMLIC Consolidated, Inc. As a result of the merger, all rights, privileges, powers and franchises and all property, real, personal and mixed, of UMLIC Consolidated, Inc., a North Carolina corporation, transferred and vested in UMLIC Consolidated, Inc., a South Carolina corporation. This included UMLIC Consolidated, Inc., a South Carolina corporation, succeeding UMLIC Consolidated, Inc., a North Carolina corporation, as the sponsor of the ESOP that is the subject matter of this action.

Defendant acknowledges in its "Brief in Opposition to Plaintiff's Motion to Remand" that they do not dispute Plaintiffs' allegation that UMLIC is a South Carolina corporation. Therefore, there is not complete diversity of citizenship between the parties because both UMLIC and Spectrum are organized and existing under the laws of the State of South Carolina. However, Defendant argues in its memorandum in opposition that UMLIC is not a real party in interest and its citizenship should be disregarded for purposes of diversity jurisdiction under 28 U.S.C. § 1332. This argument was not raised in Defendant's "Notice of Removal to Federal Court" (document #1). Nor has Defendant moved to amend its Notice of Removal to incorporate such allegations.

To the extent Defendant relies on its memorandum in opposition to Plaintiffs' Motion to

Remand as an attempt to amend its Notice of Removal to now set forth their argument that UMLIC is not a real party in interest, the undersigned rejects that argument. A defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal. See Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 825 (E.D. Va. 2008); Griessel v. Mobley, 554 F. Supp. 2d 597, 606 (M.D.N.C. 2008); Innovative Medical Products, Inc. v. Felmet, 472 F. Supp. 2d 678, 681 (M.D.N.C. 2006); Tincher v. Insurance Co. of State of Pennsylvania, 268 F. Supp. 2d 666, 667-668 (E.D. Va. 2003). Courts in this Circuit have generally adopted a strict construction of the general rule that "allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after expiration of the 30-day removal period, whereas 'missing allegations may not be supplied nor new allegations furnished.'" Richmond, F. & P.R. Co. v. Intermodal Services, Inc., 508 F. Supp. 804, 805 (E.D. Va. 1981) (quoting Thompson v. Gillen, 491 F. Supp. 24, 27 (E.D. Va. 1980). Accord Griessel, 554 F. Supp. 2d at 606; Hooks v. American Medical Security Life Ins. Co., No. 3:06-CV-00071, 2006 WL 2504903, at *3 (W.D.N.C. Aug. 29, 2006); Innovative Medical, 472 F. Supp. 2d at 681-82. As the treatise writers explain:

> The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal. . . Thereafter, however, the cases indicate that the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. . . [T]he amendment of the removal notice may seek to accomplish one or more of several objectives: it may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.

14C Charles A. Wright, Arthur R. Miller & Edward C. Cooper, Federal Practice & Procedure § 3733 (3d ed. 1998). Accordingly, the undersigned respectfully recommends that Defendant's attempt to

amend the removal notice to raise a completely new ground for removal in their response brief well beyond the thirty-day period should be denied.

Applying the above legal principles to the record in this case, the undersigned finds that Defendant has failed to met its burden of establishing a basis for diversity jurisdiction. As an initial matter, the Plaintiffs seek damages in excess of $400,000 and, accordingly, the amount in controversy requirement has clearly been met. However, concerning the parties' citizenship, Defendant has acknowledged that UMLIC is a South Carolina corporation and cannot argue a completely new ground for removal jurisdiction at this stage in the proceeding. Therefore, there is not complete diversity of the parties in this case and thus, the undersigned will respectfully recommend that the Plaintiffs' Motion to Remand be <u>granted</u>.

Having recommended that remand is appropriate in the present case, the undersigned must now determine whether Defendant should be required to pay Plaintiffs' costs and expenses related to the removal. The Supreme Court has held that the standard for awarding fees under 28 U.S.C. § 1447(c) "should turn on the reasonableness of the removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Id.</u> "The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." <u>Id.</u> While the undersigned has recommended the Motion for Remand be granted for the reasons stated herein, the undersigned finds that the record does not reflect that Defendant removed this case in bad faith or to prolong the litigation nor that they lacked an objective, reasonable basis

for their removal, even though the basis for removal was incorrect. Therefore, the undersigned respectfully recommends that Plaintiffs' Motion for costs and attorneys' fees be denied.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion for Remand" (document #8) be **GRANTED** and that this matter be **REMANDED** to the General Court of Justice of North Carolina, Superior Court Division, Mecklenburg County, from where it was removed. The undersigned respectfully recommends that Plaintiffs' request for an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) (document #8) be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for the parties, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: August 4, 2009

David S. Cayer
United States Magistrate Judge